UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHERIE TUCKER,<br>                                       Plaintiff,<br>   -vs-<br>SEI GROUP DESIGN,<br>BRIAN CIESLINSKI, Individually,<br>MICHAEL EBERTZ, Individually,<br>VICTOR TOMASELLI, Individually,<br>MATTHEW MONAGHAN, Individually, and<br>GIAN-PAUL PIANE, Individually,<br>                                     Defendants. | **COMPLAINT**<br><br>Civil No.  18-cv-6887<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF CLAIMS

1. This is an action brought by Plaintiff Cherie Tucker ("Plaintiff") against Defendants (a) SEI Group Design ("SEI"); (b) Brian Cieslinski ("Cieslinski"), Individually; (c) Michael Ebertz ("Ebertz"), Individually; (d) Victor Tomaselli ("Tomaselli"), Individually; (e) Matthew Monaghan ("Monaghan"), Individually; and (f) Gian-Paul Piane ("Piane"), Individually (collectively "Defendants") in violation of (a) Title VII of the Civil Rights Act of 1964, codified by 42 U.S.C. §§ 2000e, *et seq*. ("Title VII") because of race and color, (b) the Civil Rights Act of 1866, amended by the Civil Rights Restoration Act of 1991 and codified by 42 U.S.C. §1981 ("42 U.S.C. §1981") because of race and color, and (c) New York State Human Rights Law (hereinafter "NYSHRL"), Executive Law §§290, *et seq*. ("NYSHRL") because of race and color.

[1]

## JURISDICTION AND VENUE

2. Jurisdiction is invoked upon this United States District Court pursuant to the aforementioned statutes and 28 U.S.C. §§ 1331, 1343 and 1988.

3. Venue is proper pursuant to 28 U.S.C. §1391 as the events giving rise to the claims set forth by Plaintiff herein occurred in this federal judicial district and all parties herein are located within this United States District Court.

## PARTIES

4. Plaintiff is an African-American/black individual who for all times relevant herein was employed by SEI and is a resident of the County of Monroe, State of New York.

5. Plaintiff is an "employee" of SEI as defined by 42 U.S.C. §§ 2000e and N.Y. Exec. Law, §292.

6. Upon information and belief, SEI is a corporation doing business, organized, and existing under the laws of the State of New York.

7. SEI is an "employer" as defined by 42 U.S.C. §§ 2000e. and N.Y. Exec. Law, §292.

8. Cieslinski is a Caucasian/white individual who for all times relevant herein served as one of SEI's Senior Principals. In this capacity, Cieslinski served as one of Plaintiff's direct supervisors. As one of Plaintiff's direct supervisors, Cieslinski had authority to control the terms and conditions of Plaintiff's employment.

9. Ebertz is a Caucasian/white individual who for all times relevant herein served as one of SEI's Senior Principals. In this capacity, Ebertz served as one of Plaintiff's direct supervisors. As one of Plaintiff's direct supervisors, Ebertz had authority to control the terms and conditions of Plaintiff's employment.

10. Tomaselli is a Caucasian/white individual who for all times relevant herein served as one of SEI's Senior Principals. In this capacity, Tomaselli served as one of Plaintiff's direct supervisors. As one of Plaintiff's direct supervisors, Tomaselli had authority to control the terms and conditions of Plaintiff's employment.

11. Monaghan is a Caucasian/white individual who for all times relevant herein served as one of SEI's Senior Principals. In this capacity, Monaghan served as one of Plaintiff's direct supervisors. As one of Plaintiff's direct supervisors, Monaghan had authority to control the terms and conditions of Plaintiff's employment.

12. Piane is a Caucasian/white individual who for all times relevant herein served as one of SEI's Principals. In this capacity, Piane served as one of Plaintiff's direct supervisors. As one of Plaintiff's direct supervisors, Piane had authority to control the terms and conditions of Plaintiff's employment.

## ADMINISTRATIVE EXHAUSTION

13. On September 12, 2017, Plaintiff filed a charge of unlawful employment discrimination based on race against SEI with the Equal Employment Opportunity Commission ("EEOC") in violation of Title VII.

14. On September 7, 2018, the EEOC issued Plaintiff a Notice of Right to Sue.

15. Less than ninety (90) days has lapsed from the date the EEOC issued Plaintiff her Notice of Right to Sue and the filing of Plaintiff's Complaint.

## STATEMENT OF FACTS

16. In October 2015, Plaintiff began working for SEI as its Creative Marketing Manager.

17. Plaintiff was the only African-American, black individual out of approximately thirty (30) employees at the time employed by SEI.

18. Plaintiff was hired by Cieslinski, one of several Senior Principals for SEI.

19. Five months after her employment, Cieslinski told Plaintiff that the other Senior Principals and Principals only "rubber-stamped" her hiring.

20. Plaintiff was qualified for her position indicative of positive performance reviews, salary increase(s) and frequent managerial complements.

21. In March 2016, Cieslinski disclosed to Plaintiff in a private conversation that prior to her employment the other Senior Principals commented: "[y]ou know she's *black*; you know you don't *have* to hire her." (emphasis added).

22. In October 2016, Plaintiff received an excellent" and a 4.8 out of 5 on her 2016 annual performance review. She also received a Fifteen Thousand Dollar and 00/100 ($15,000.00) raise in salary and was told she was "meeting all [her] goals."  Plaintiff was not told that she was have any issues with insubordination or misconduct.

23. On November 30, 2016, Plaintiff was verbally terminated from SEI during a meeting comprising of Cieslinski, Tomaselli and Gian-Paul Piane.

24. Plaintiff was told her termination was because she was dishonest about her Paid Time Off (PTO), and because she was "not fitting in at [SEI]" and "did not assimilate well with [SEI's] culture."

25. Plaintiff was the only the first African-American, colored minority individual employed by SEI throughout her entire tenure.

26. Plaintiff was never given a termination letter documenting SEI's reasons for terminating her employment.

27. Plaintiff was never informed nor warned that management had any issues or concerns with her performance or insubordination including but not limited to PTO throughout her entire tenure.

28. Any additional reasons claimed by SEI for terminating Plaintiff's employment came after she filed her September 12, 2017 charge of race discrimination against SEI with the EEOC.

29. Plaintiff was the only African-American, colored minority individual employed by SEI throughout her entire tenure.

30. Upon information and belief, SEI hired two (2) colored minority individuals—one (1) African-American—shortly after Plaintiff filed her September 12, 2017 charge of race discrimination against SEI with the EEOC.

31. Upon information and belief, Plaintiff was replaced by a Caucasian, white female; while this individual holds a different title, she performs the same jobs duties and responsibilities as Plaintiff's former position.

## COUNT I
## VIOLATION OF TITLE VII
## UNLAWFUL DISCRIMINATION
## AGAINST SEI

32. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-31 above with the same force and effect as if herein set forth.

33. Plaintiff's is the member of protected class.

34. SEI intentionally discriminated against Plaintiff in the terms and conditions of her employment because of her race and color.

35. SEI failed to provide Plaintiff evenhanded treatment compared to similarly situated employees outside of her protect class because of her race and color.

36. SEI's conduct constitute one (1) or more adverse employment actions.

37. The adverse employment actions taken by SEI were because of Plaintiff's race and color.

38. The stated reasons for SEI's conduct were not the true reasons but instead pretext to hide its discriminatory animus.

39. SEI's disparate employment practices are further evidence of discriminatory animus and pretext for legitimate, non-discriminatory business decisions.

40. As a direct and proximate cause of SEI's unlawful discrimination, Plaintiff has suffered and will continue to suffer from, *inter alia*, monetary damages, emotional distress and mental anguish and other compensable damages.

## COUNT II
## VIOLATION OF 42 U.S.C. §1981
## UNLAWFUL DISCRIMINATION
## AGAINST ALL DEFENDANTS

41. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-40 above with the same force and effect as if herein set forth.

42. Plaintiff's is the member of protected class.

43. Defendants intentionally discriminated against Plaintiff in the terms and conditions of her employment because of her race and color.

44. Defendants failed to provide Plaintiff evenhanded treatment compared to similarly situated employees outside of her protect class because of her race and color.

45. Defendants' conduct constitutes one (1) or more adverse employment actions.

46. The adverse employment actions taken by Defendants were because of Plaintiff's race and color.

47. The stated reasons for Defendants' conduct were not the true reasons but instead pretext to hide its discriminatory animus.

48. Defendants' disparate employment practices are further evidence of discriminatory animus and pretext for legitimate, non-discriminatory business decisions.

49. As a direct and proximate cause of Defendants' unlawful discrimination, Plaintiff has suffered and will continue to suffer from, *inter alia*, monetary damages, emotional distress and mental anguish and other compensable damages.

### COUNT III
### VIOLATION OF NYSHRL
### UNLAWFUL DISCRIMINATION
### AGAINST ALL DEFENDANTS

50. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1-49 above with the same force and effect as if herein set forth.

51. Plaintiff's is the member of protected class.

52. Defendants intentionally discriminated against Plaintiff in the terms and conditions of her employment because of her race and color.

53. Defendants failed to provide Plaintiff evenhanded treatment compared to similarly situated employees outside of her protect class because of her race and color.

54. Defendants' conduct constitutes one (1) or more adverse employment actions.

55. The adverse employment actions taken by Defendants were because of Plaintiff's race and color.

56. The stated reasons for Defendants' conduct were not the true reasons but instead pretext to hide its discriminatory animus.

57. Defendants' disparate employment practices are further evidence of discriminatory animus and pretext for legitimate, non-discriminatory business decisions.

58. As a direct and proximate cause of Defendants' unlawful discrimination, Plaintiff has suffered and will continue to suffer from, *inter alia*, monetary damages, emotional distress and mental anguish and other compensable damages.

**WHEREFORE,** Plaintiff prays that judgment on all causes of action be entered in her favor as follows:

a. That Plaintiff be awarded general and compensatory damages, including pre-judgment and post-judgement interest, such as but not limited to lost wages, lost benefits, out-of-pocket expenses, front pay, and emotional distress and pain and suffering in an amount according to proof at trial;

b. That Plaintiff be awarded punitive damages in an amount according to proof at trial;

c. That Plaintiff be awarded reasonable attorney's fees, cost and expenses of suit in an amount according to proof at trial; and

d. That Plaintiff be awarded such other relief as the Court deems just and proper.

DATED: December 6, 2018
      Rochester, New York

                              **THE WOODWORTH LAW FIRM**

By:    /s/ Ryan C. Woodworth
        _____

        Ryan C. Woodworth, Esq.
        The Powers Building
        16 West Main Street
        Suite 700
        Rochester, New York 14614
        585-310-2563
        ryan@woodworthlawfirm.com

        *Attorneys for Plaintiff,*
        *Cherie Tucker*